The next case call for oral argument is People v. Lee. So we're going to be ready. May it please the Court, Whitney Atkins of the State of Illinois, Mr. Dradfield. The defendant, Joseph Lee, was arrested on September 28, 2013 and charged with driving while under the influence of alcohol. He subsequently petitioned to have the statutory summer suspension driving privileges restricted. The defendant's argument at the hearing was that the breathalyzer machine malfunctioned on September 21st of that year and was not checked for accuracy before the defendant submitted to his breath testing. The trial court granted his motion in written order after hearing on the reliability of the breathalyzer machine. After the trial court granted the defendant's motion to rescind, the defendant then filed a motion in limine to preclude the state from admitting the breathalyzer test results into evidence in the criminal DUI proceeding. A hearing was held on the motion and the circuit court granted the defendant's motion in limine. This case is very simple. The issue is very simple. It's very narrow. It's whether the legal concept of res judicata precludes the admission of a breathalyzer test result in a criminal DUI proceeding where the circuit court has made a prior ruling of its unreliability in a separate cause of action. And the law says no, it doesn't. Res judicata is separated into two sub doctrines. True res judicata, which is claim preclusion, and collateral estoppel, which is issue preclusion. Reviewing courts have made it abundantly clear that the adjudication of an issue in a summary suspension hearing does not preclude determination of that exact issue in the criminal DUI trial. And the reasoning has been that they are two separate, distinct types of causes of action. The summary suspension hearing serves the purpose of promptly removing drivers off the road because it often takes quite a while to prosecute impaired drivers. The statutory summary suspension, it's not a punishment. It's not punitive. It lasts a matter of months. Versus the DUI criminal proceeding, it is a loss of personal liberty. It is punitive. And it's a conviction. The second area in which reviewing courts have found the causes of action, these two causes of action to be distinct, is the scope and nature. The summary suspension hearing is limited to four central issues. Whether the person, the driver, was placed under arrest. Whether the arresting officer had probable cause to believe that the person, the driver, was driving while under the influence. And whether the driver refused to take chemical tests. And whether the driver failed the test. The additional area of difference between the two causes of action are burden of proof. The driver bears a burden of proof at the summary suspension. And the state bears a burden of proof at the DUI trial. The defendant points out that the case law that the state relies on is in the context of collateral estoppel. But that is inconsequential for a couple of reasons. The first reason is because a collateral estoppel is the appropriate doctrine under which to analyze. That's really what we're talking about. That's what we're talking about. Yeah. I mean, the fact that it's not true res judicata by any means. The motion, the defendant's motion, specifically asked for one issue to be suppressed, to be precluded. Not the entire claim. So the fact that the defendant, or excuse me, the fact that the state does not have case law pertaining to issue claim preclusion is, you know, it's completely insignificant. And then additionally, even if this was a claim preclusion issue, the rationale is applicable whether it's issue preclusion or claim preclusion. Reviewing courts have determined these are two separate causes of action and res judicata is not an appropriate doctrine to apply. Now, there's nothing stopping the defendant from filing the same motion in limine in the DUI case and litigating it again, right? Right. And that's the whole point. He has to be litigated again is your argument. That's right. That's right. He has to. And that can be done prior to trial. In other words, he could file a motion in limine, that whole issue could be raised again with the judge in the DUI case, and the judge could say, in the DUI case, you're not allowed to introduce certain evidence. But he has to put the evidence on again and litigate it again. Right. Yeah. Right. Like a mini trial. Yes. Yes. Yes. Yeah. He could do that. That is an option. And just in regards to the much to do the defendant makes about the state's ability to get that second chance to relitigate, that is the law. The law says that the state gets to relitigate the identical issue. It gets a second bite at the apple, as the defendant says. It gets to lose and try again. And it had the right to rely on that law. And then just from a common sense standpoint, I mean, if we were to accept the defendant's invitation to apply reicidicata, then that would mean that the state would never be able to prosecute a defendant after a rescission was granted. And the courts have made it very clear that that's not the legislator's intent. So for these reasons, the state below aired in granting the defendant's motion to eliminate. And we ask that that judgment be reversed. Thank you. Thank you, counsel. Counsel. Please support. My name is Tom Drysdale, and I'm here today on behalf of the defendant, Joseph Lee. In my time before the court, I'll establish that the decision of the trial judge to grant the defendant's motion to eliminate was correct for two reasons. First, in ruling on the defendant's motion to eliminate, the trial judge reconsidered and rejected all of the state's arguments considering the functionality of the breath test machine. And thus, this court can affirm the trial judge's decision based on the fact that the trial judge considered the merits. You're saying that the trial judge considered the merits. That's correct, Judge. Okay, where does he say that in his order? Judge, if we look to the second page of the trial judge's order, we see that the judge says that, and the quote is, having heard the arguments of counsel reviewing the pleadings, memorandums, case law, otherwise being fully advised to the premises. I'm sorry, that's at the beginning. And then at the end of his order, he says that the transcribed record, the case law, the arguments, the testimony, and the exhibits, and then finds that there are no valid reasons. He says Judge Todd utilized the transcribed record, case law, arguments, and then he says Judge Todd's order is res judicata. That's what he ordered, correct? That is correct. But he does say that there's no valid reasons that his findings should be disturbed. And at the beginning of Judge Bennett's order. Based on res judicata is what the order is based on. And that is his reasoning, Judge. But if we look at the order in the language that is at the beginning of the order, it says that Judge Bennett had reviewed all the pleadings, memorandums, case law, and he was otherwise fully advised to the premises. So therefore, he had reviewed the transcripts of the record from the original hearing. And he knew of the reasoning surrounding Judge Todd's original ruling. And this court. You think that's the only thing that can mean? Judge, I. But he says he's otherwise fully advised to the premises. We're supposed to take that to mean that he read all the transcripts from the other proceeding. Well, Judge, and also if we look at the fact that in the state's argument for its denial of the motion of limine, it re-raised all of its issues that it had raised at the original hearing. The state re-presented all the facts. The state re-presented its portions of the administrative code that they believed constituted the difference between a malfunction and the breakdown. And so all of those arguments and those pieces of evidence were, in fact, re-presented to Judge Bennett at the motion and limine stage. The state specifically, in its prayer for relief, asked for three different things. It asked for the court not to find for res judicata, but it also asked the trial judge to consider the merits and deny the motion and limine on the merits. That was specifically in the state's prayer for relief. And the state reintroduced and re-presented all those arguments on the merit. Again, if we look specifically to what the state ordered, the state re-laid out the testimony and the findings by Trooper Jordan, Trooper Chauvin, and also Trooper Reinhart, all three of the officers that testified at the hearing. And the state said, this officer said this, and this officer said this, and now here's the definition of a breakdown, and here's the definition of a malfunction. And therefore, Judge Bennett, you can find on the merits that this motion and limine should be denied. And thus, Judge Bennett didn't—he had all of those arguments before him when he made his ruling. Now, it is true that his order focuses on the application of res judicata, but this court— On that issue, counsel— Yes, sir. On the case cited by the state, People v. Moore, how would you distinguish that case? Well, Your Honor, there's a couple reasons that Moore doesn't and should not apply here. And first of all, we look to the Illinois Supreme Court's more recent decision, the 2004 decision in Avaria v. Madigan, and it shows a departure from Moore. And in Avaria, the Supreme Court said that res judicata applies to all hearings, including those administrative in nature. And the doctrine—the court said in that case that the doctrine could have attached to the Secretary of State's decision of holding the plaintiff's license suspension. And the only reason it didn't is because the plaintiff in that case had also had some constitutional claims that it had brought that the court didn't have jurisdiction over. So in Avaria, the court specifically noted that the doctrine could have applied following a summary suspension hearing, despite the fact that the hearing is administrative in nature. And in the Avaria case, the court specifically outlined these scope and nature differences that the state stressed in its brief and stresses again here today in oral argument, and still said that had that constitutional claim not have been present in Avaria, that the doctrine of res judicata could have applied to that administrative hearing following that statutory summary suspension hearing. And second, Moore is factually distinguishable. In Moore, we have a case where it's a probable cause issue. In Moore, the state wanted to rely on police reports to establish probable cause in a statutory summary suspension hearing. And it makes sense that additional testimony at the DUI criminal proceeding could provide more detail than those reports have provided. But we have a different factual scenario here. Here, we're going to hear the same live testimony from the same officers. We're going to hear the officer that did the test on the first individual where the officer says, I couldn't get the computer to come on. I couldn't enter her name. It did nothing. Then the state admitted that no accuracy check or repair was done after that test. And then this release test comes along. And you hear the officers testify again that we had another problem with the machine. We think it was a printer problem. Eventually, we got it to work. And then you heard the expert come on that maintains this machine that said, if you can't enter information into the computer, then you've got a breakdown that's occurred. That's going to be the exact same stuff we're going to hear again. Maybe the state would agree to just submit the transcripts of all the previous testimony in and then both sides add whatever they want if you're required to re-litigate it. It's possible, Judge. But, again, when we look, again, specifically to what the state filed in their argument in support of denial of defendant's motion in limine, they re-raised all of it. They made alternative arguments. And I've got it right here. First, people prayed for the following relief. A, that the motion in limine based on doctrine of collateral estoppel be denied. But that's what the trial court granted. So the court never got to their alternative request to determine it on the merits or allow additional testimony and so forth because the trial court said, you don't have to re-litigate this again. It's already been decided and you're barred from re-litigating it. And, again, I agree that that is the proofs of the order from Judge Bennett in this case. But Judge Bennett did have the ability to look back over all those arguments that had been submitted. And Judge Bennett did then have the ability to consider those alternative arguments and could have said that I'm actually looking at the merits in this case and saying that there was an error that was presented here. That this was not a breakdown because the state has provided me with all the evidence of what a breakdown and what a malfunction is. And, therefore, this motion in limine, I... Okay, let me just ask you. How does he get to that? How does he get to the merits unless he says collateral estoppel or res judicata does not apply? I mean, it either applies or it doesn't. I mean, if you're barred from re-litigating it, I mean, how does he say you're collaterally estopped from re-litigating this but I'm going to consider the merits anyway? How could he be considering the merits? Because he said, you know, collateral estoppel applies. Your Honor, even if he was incorrect on that premise, as this court knows, this court can affirm on any basis that's presented in the record. So this court can also affirm on a factual basis looking at the testimony that was presented by the officers. And this court can then say that based on the testimony presented by the officers and based on the definitions provided of a malfunction versus a breakdown that the trial judge or the... No, no, we can't. We can't do that. If it's not barred by collateral estoppel or res judicata, we can't move to the merits on this. What it means is it's got to go back and the trial court hears it on the merits. Well, and, Your Honor, I would submit that this court also doesn't have to, according to the First District case, Smith v. Murphy, the court isn't required to do a useless act. So this court is not required to resubmit the case back down to the trial judge to get the exact same ruling, to come back with the exact same... How do we know it's going to be the same ruling? Because, Your Honor, I would submit that we've heard testimony from all the officers involved here. We've heard testimony from the defendant. And we've heard testimony... I'm sorry. Go ahead. And we've heard testimony from the first individual who said this machine didn't work. And the state stipulated that we didn't check the machine after it didn't work. And, therefore, we respectfully request that this court affirm the trial court's decision. Thank you. Thank you. Counsel? Counsel? Well, I just want to briefly touch on the defendant's argument about this court finding on the merits. As you've already illuminated here, Justice Stewart, there's no evidence that the trial court found, granted the motion in limini on the merits. He didn't say that, and he didn't allude to that. And as you kind of alluded to, doing that would be superfluous. Why would he get to the merits if he found that res judicata was applicable? And this court cannot just jump over that and circumvent that and find on the merits. So in light of that, I will move on to the defendant's attempt to distinguish more from the case at bar. Well, the way he distinguishes more is sort of by saying that there's case law out there that is a departure from Moore's decision. But ARVIA does not stand for what the defendant says it stands for. ARVIA does not say that res judicata can be applied to issues litigated in summary suspension to preclude those issues from being relitigated in DUI trial. It simply doesn't say that. It doesn't even get to that question. It says that it might, but it doesn't even make that whole thing. And then furthermore, he raises the fact that Moore is factually distinguishable from the case at hand because in the case at hand, it was a reliability of the breathalyzer test issue versus Moore. It was a probability issue. But there is case law that is factually identical. A third district case, People v. Flynn, in which the issue at hand was reliability of the breathalyzer test. And the court found that res judicata is inapplicable. And even if Moore is not factually on point, it doesn't matter. The principle is the same. Res judicata cannot apply to preclude an issue from being relitigated in a criminal DUI proceeding. And so, again, the state asks that the motion of limini, the grant of the motion of limini, be reversed. Thank you. Thank you, counsel. We appreciate the briefs and arguments of counsel to take the case under advisement.